**Ex parte Allen BLACKTHORNE, Relator.**

**No. 04-91-00431-CV.**

Court of Appeals of Texas, San Antonio.

Sept. 18, 1991.

Samuel B. Bayless, Gresham, Davis, Gregory, Worthy & Moore, P.C., John F. Carroll, San Antonio, for relator.

Mike Hernandez, Jr., San Antonio, for respondent.

Before REEVES, and BIERY and GARCIA, JJ.

## OPINION

REEVES, Chief Justice.

Allen Blackthorne, hereinafter referred to by name or as Relator, was the defendant in a civil lawsuit brought in 1989 in the 288th District Court of Bexar County.

In that action Electronic Medical Sciences, Inc. and Westpac Laboratories, Inc., sought injunctive relief concerning the use of a trade name or trademark for a medical device known as an electronic muscle stimulator and allegedly unfair competition by Relator with their respective businesses.

The case proceeded to trial on or about July 31, 1989, and following trial by jury, a judgment was signed on or about August 9, 1991. As a part of that judgment, the trial court granted a permanent injunction which enjoined Relator in the following particulars:

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that Allen Blackthorne a/k/a Allen Van Houte is permanently enjoined from the use of the name "EMS–250" and from any distribution, promotion or sale of the electronic muscle stimulator identified as "EMS–250."
>
> IT IS FURTHER ORDERED, ADJUDGED and DECREED that for a period of 18 months [1], measured from September 2, 1988 and extending through and until September 1, 1990, Allen Blackthorne a/k/a Allen Van Houte is ENJOINED from directly or indirectly engaging in any transactions with BOO-MAX and/or DARRY CHOU TY relating to the EMS 250, EMS 350, EMS 150 or similar electronic muscle stimulators, and ENJOINED from engaging either individually or as an officer, director, agent, employee or representative of, or provide financing for, any other business entity in the fabrication, assembly, sale or distribution of electronic muscle stimulator devices in any of the 50 states of the United States.

On or about August 15, 1989, pursuant to the foregoing Judgment, the district clerk of Bexar County issued a writ of injunction, which provided in pertinent part:

> THEREFORE, YOU ARE HEREBY COMMANDED THAT DESIST AND REFRAIN FROM ... [sic] IT IS FURTHER ORDERED, ADJUDGED AND

---

1. The trial court interlineated the typewritten Judgment, so as to reduce the period from 24 to 18 months, but did not correspondingly change the ending date from September 1, 1990 to March 1, 1990, to conform to the change he had made in the number of months.

DECREED THAT ALLEN BLACKTHORNE A/K/A ALLEN VAN HOUTE IS PERMANENTLY ENJOINED FROM THE USE OF THE NAME "EMS-250" AND FROM ANY DISTRIBUTION, PROMOTION OR SALE OF THE ELECTRONIC MUSCLE STIMULATOR IDENTIFIED AS "EMS-250".

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT FOR A PERIOD OF 18 MONTHS, MEASURED FROM SEPTEMBER 2, 1988 AND EXTENDING THROUGH AND UNITL [sic] SEPTEMBER 1, 1990, ALLEN BLACKTHORNE A/K/A ALLEN VAN HOUTE IS ENJOINED FROM DIRECTLY OR INDIRECTLY ENGAGING IN ANY TRANSACTIONS WITH BOOMAX AND/OR DARRY CHOU TY RELATING TO THE EMS 250, EMS 350, EMS 150 OR SIMILAR ELECTRONIC MUSCLE STIMULATORS, AND ENJOINED FROM ENGAGING EITHER INDIVIDUALLY OR AS AN OFFICER, DIRECTOR, AGENT, EMPLOYEE OR REPRESENTATIVE OF, OR PROVIDE FINANCING FOR, ANY OTHER BUSINESS ENTITY IN THE FABRICATION, ASSEMBLY, SALE OR DISTRIBUTION OF ELECTRONIC MUSCLE STIMULATOR DEVICES IN ANY OF THE 50 STATES OF THE UNITED STATES

*until the further order of said District Court to be holden within and for the County of Bexar, at the Court House thereof, in the City of San Antonio, at or before ten o'clock A.M., on the Monday next following the expiration of twenty days from the date of this Writ (emphasis added).*

On or about July 19, 1991, Electronic Medical Services, Inc. and Westpac Laboratories, Inc. filed a "Motion for Contempt and Motion to Enforce Judgement [sic] and Injunction" under the original cause number of their injunctive action in the trial court. Relator was served with a copy of this motion, and a hearing commencing on August 13, 1991, was held before Judge Robert F. Barnes. After hearing evidence, the court found Relator in contempt of court. The court signed a commitment or-

der dated August 14, 1991, in which it was recited that Relator's punishment was set at confinement in the Bexar County Jail for a period of one (1) year, with the first month thereof to be served, and the remaining eleven (11) months of the term to be probated, and further ordering the payment of a fine in the amount of $1,500. The sheriff of Bexar County was directed to arrest Relator and to confine him in the Bexar County Jail for thirty (30) days commencing on August 19, 1991.

The commitment order made no findings as to any specific act(s) committed by Relator, nor was there any reference to the portion(s) of the injunction Relator was found to have violated. In addition, the trial court made no specific oral findings in the record before this court, other than to cite Relator for contempt of court.

Relator, in this original proceeding, challenges the contempt finding on numerous grounds of error, which can generally be categorized, as follows:

(1) there was no valid waiver by Relator of the right to counsel;

(2) there was a violation of Relator's privilege against self-incrimination and of his right not to be called as a witness;

(3) the judgment and injunction are void for vagueness;

(4) the injunction allegedly violated had expired prior to the date of any purported violation;

(5) the motion for contempt failed to give adequate notice to Relator of the alleged violations;

(6) the punishment assessed exceeded the maximum authorized by statute, and the commitment order is, therefore, void;

(7) the commitment order is void for want of findings as to fact of commission of any particular act by Relator; and

(8) Relator's fundamental right to trial by jury was violated.

The record before this court consists of certified copies of (a) the Judgment in Cause No. 89-CI-00754; (b) the Writ of Permanent Injunction, issued pursuant to that Judgment; (c) the aforementioned "Motion for Contempt and Motion to En-

force Judgement [sic] and Injunction;" (d) Commitment Order signed August 14, 1991, by Judge Robert F. Barnes; and (e) the Sheriff's Attestation of [Relator's] Confinement. In addition, the 266–page statement of facts from the contempt hearing is also before this court. Neither the real parties in interest nor the trial court has submitted a responsive brief to this court, and neither requested oral argument prior to submission of the case.

■ In reviewing the bases which Relator urges for granting the writ of habeas corpus and vacating the contempt order against him, we initially find that the fourth ground of error is meritorious, in that the permanent injunction's duration was only for eighteen months, or approximately until March, 1990, and, therefore, the motion for contempt, which was filed in July, 1991, came more than one year after the effective ending date of the permanent injunction. Even if one accepts the ending date as September 1, 1990, which it would have been had the trial judge not interlineated the original duration of the injunction from 24 to 18 months, the contempt motion was still filed after the expiration of period of the injunction's legal effect.

■ Further, from the face of the commitment order it is obvious that the trial court's assessed punishment of a fine of $1,500 and confinement in jail for one year (with eleven months probated) exceeded the maximum punishment permitted by statute for a contempt of court violation. Section 21.002(b) of the Texas Government Code provides in pertinent part:

> The punishment for contempt of a court other than a justice court or municipal court is a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail.

TEX.GOV'T CODE ANN. § 21.002(b) (Vernon 1988). If the commitment order were defective on no other ground, it would necessarily be void for the failure of the trial court to follow the plain language of the punishment provisions of the contempt statute.

■ The final basis for overturning the contempt holding of the trial court lies in the commitment order's voidness for want of findings as to the fact of commission of any particular act by Relator. The commitment order in the instant case is utterly devoid of any finding of any specific act which Relator had committed in violation of the terms of the injunction. The principle that such a finding is necessary for a contempt order to withstand a legal challenge is so well-settled that it is practically unnecessary to cite authority, but we will nevertheless do so. See Ex parte Blasingame, 748 S.W.2d 444 (Tex.1988); Ex parte Price, 741 S.W.2d 366 (Tex.1987); Ex parte Reese, 701 S.W.2d 840 (Tex.1986); Ex parte Glover, 701 S.W.2d 639 (Tex.1985); Ex parte Hodges, 625 S.W.2d 304 (Tex.1981); Ex parte Gorena, 595 S.W.2d 841 (Tex. 1979).

Because we have previously held that the injunction allegedly violated had expired prior to the date of any purported violation, and that the trial court's assessed punishment clearly exceeded the maximum authorized by statute, and have granted Relator's requested relief in part on those bases, we do not find it necessary to reach the merits of Relator's arguments that the Judgment and injunction are void for vagueness or that the motion for contempt failed to give adequate notice to Relator of the alleged violations. Moreover, because we have additionally determined under well-settled principles that the trial court's commitment order was void for want of findings as to any particular act by Relator and have granted Relator's requested relief in part on that basis, we deem it unnecessary to reach Relator's constitutional challenges that there was no valid waiver of his right to counsel; that his privilege against self-incrimination and right not to be called as a witness was violated; or that his fundamental right to trial by jury was denied.

The Relator's petition for writ of habeas corpus is, therefore, granted, and the contempt finding against Relator, as previously found in the trial court's commitment order, is hereby ordered vacated.

GARCIA, J., concurs and files an opinion.

ON RELATOR'S PETITION FOR
WRIT OF HABEAS CORPUS

GARCIA, Justice, concurring.

It is obvious that the trial court ignored well-settled principles of law in holding the Relator in contempt. There was no basis in law to hold Relator in contempt, and the incarceration of an individual in this particular case was a gross miscarriage of justice.