**Ex Parte Bernard J. DOLENZ, Relator.**

No. 05–94–01853–CV.

Court of Appeals of Texas, Dallas.

Jan. 4, 1995.

Jack Thomas Jamison, The Law Office of Jack Thomas Jamison, Larry L. Gollaher, Dallas, for relator.

John Ernest Boundy, Dallas, for respondent.

Before BAKER, CHAPMAN and BARBER, JJ.

## OPINION

BAKER, Justice.

This is an original habeas corpus proceeding. The 160th District Court of Dallas County, Texas found relator violated the court's discovery sanction order. The trial court held relator in contempt for not paying almost $15,000 in discovery costs assessed against relator for discovery abuse. The trial court ordered relator incarcerated in the county jail until he purged himself of the contempt by paying the discovery costs.

We hold the Texas Constitution prohibits the trial court from enforcing the discovery costs award by jailing relator and conditioning his release upon payment of the discovery costs. We order relator discharged.

### THE UNDERLYING LITIGATION

The underlying lawsuit arises out of a physician/patient relationship between Mildred Avery, the real party in interest, and relator. In June 1994, the trial court entered the court's first order imposing sanctions against relator because he did not comply with Avery's discovery request. Relator did not obey the first order, and Avery filed a second sanctions motion against relator. After an extensive hearing, the trial court entered a second sanctions order. Among other requirements, the order required relator to pay Avery's discovery costs of $14,596.65. This amount included her attorney's fees, her attorney's administrative costs in the suit, and her expert witness consulting fees. The order required relator to pay this amount within thirty days. Relator did not pay the discovery costs as ordered. Avery then filed a

motion for contempt. After extensive hearings, the trial court found relator in contempt for failing to pay the discovery costs.

In the contempt judgment, the trial court found:

[that] Dr. Bernard J. Dolenz is guilty of violating the Court's Order of September 16, 1994 on Plaintiff's Motion for Sanctions for Abuse of Discovery in the following particulars:

1. Defendant Dolenz has failed to pay the $14,596.65 discovery costs as ordered.

The court held relator in contempt for violating the court's sanctions order and ordered:

that as punishment for such contempt, Defendant, Dr. Bernard J. Dolenz, be and is placed in the County Jail of Dallas County, Texas until he purges himself of his contempt by paying the sum of $14,596.65 to JOHN ERNEST BOUNDY [Avery's attorney of record].

Relator applied to this Court for writ of habeas corpus. We released relator on bond pending a hearing.

## THE PARTIES' CONTENTIONS

### A. Relator's Contentions

Relator contends the contempt order is void because:

(1) It imprisons him for debt and violates the Texas Constitution;

(2) It denies relator his right to appellate review of the underlying sanctions as provided by the rules of civil procedure;

(3) It does not provide for payment of the discovery costs on a date that coincides with or follows entry of a final order, but was payable thirty days after the sanctions order;

(4) Relator is a licensed attorney, and the government code requires a judge other than the offended judge to determine relator's contempt; and

(5) Relator cannot comply with the order.

### B. The Real Party In Interest's Contentions

Avery contends the order is valid because:

(1) The discovery costs the trial court ordered relator to pay are not debts but a fine imposed for contempt;

(2) The trial court has the power to enforce its discovery sanction order by contempt under rule 215 of the Texas Rules of Civil Procedure;

(3) The trial court's contempt order does not preclude the litigation because the issue in this case does not involve discovery sanctions but only discovery costs and attorney's fees;

(4) Relator cannot rely on the government code to require his contempt trial before another judge because relator was not acting as an attorney in this case but is a party defendant;

(5) The evidence shows relator can comply with the trial court's sanctions order.

## APPLICABLE LAW

### A. Burden of Proof

■ An original habeas corpus proceeding is a collateral attack on the contempt judgment. *See Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967) (orig. proceeding). The relator bears the burden to show the contempt order is void, not merely voidable. *Ex parte Holloway*, 490 S.W.2d 624, 626 (Tex. Civ.App.—Dallas 1973, orig. proceeding). A relator must conclusively show his entitlement to the writ. *Ex parte Crawford*, 506 S.W.2d 920, 922 (Tex.Civ.App.—Tyler 1974, orig. proceeding).

### B. Standard of Review

■ In an original habeas corpus proceeding, we do not weigh the evidence offered at the contempt hearing to determine whether it preponderates against the judgment. *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 186 (1953) (orig. proceeding); *Ex parte Linder*, 783 S.W.2d 754, 760 (Tex.App.—Dallas 1990, orig. proceeding). We accord to the trial court the right to judge the witnesses' credibility and the testimony's weight. *See Ex parte Elmore*, 161 Tex. 585, 342 S.W.2d 558, 561 (1961) (orig. proceeding); *Ex parte Karr*, 663 S.W.2d 534, 538 (Tex.App.—Amarillo 1983, orig. proceeding).

■ We determine only if the trial court's findings are so completely without evidentiary support the order deprives a relator of due process of law. *Ex parte Helms,* 259 S.W.2d at 186; *Ex parte Karr,* 663 S.W.2d at 537. In short, we do not review the trial court's exercise of its discretion or the sufficiency of the evidence to support the trial court's action. *Ex parte LaRocca,* 154 Tex. 618, 282 S.W.2d 700, 703 (1955) (orig. proceeding).

■ However, we review the trial court's determination of the legal principles controlling its ruling with less deference than we review factual findings. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding); *Ex parte Hightower,* 877 S.W.2d 17, 20 (Tex.App.—Dallas 1994, orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. A trial court's clear failure to analyze or apply the law correctly is an abuse of discretion. *Ex parte Hightower,* 877 S.W.2d at 20; *see Joachim v. Chambers,* 815 S.W.2d 234, 240 (Tex.1991) (orig. proceeding).

## C. Enforcement of Judgments

■ A trial court has broad discretion in enforcing its judgments and orders. *Greiner v. Jameson,* 865 S.W.2d 493, 498 (Tex.App.—Dallas 1993, writ denied). A trial court may enforce a judgment by using various rules and statutes. A trial court may enforce its judgments through orders of contempt. *See* TEX.GOV'T CODE ANN. § 21.002(a) (Vernon Supp.1995); *Ex parte Pryor,* 800 S.W.2d 511, 512 (Tex.1990) (orig. proceeding).

■ In discovery matters, a trial court may treat the failure to obey an order as a contempt of court. *See* TEX.R.CIV.P. 215(2)(b)(6); *Ex parte Lee,* 704 S.W.2d 15, 17 (Tex.1986) (orig. proceeding); *Ex parte Conway,* 843 S.W.2d 765, 767 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding). The trial court can order commitment to jail for the failure to obey a discovery sanctions order. *Ex parte Conway,* 843 S.W.2d at 767.

■ The court's authority under rule 215(2)(b)(6) to treat the failure to obey a discovery order as a contempt of court has its genesis in a court's inherent power to enforce its judgments and orders. *See Ex parte Pryor,* 800 S.W.2d at 512. The court's contempt power is an essential element of judicial independence and authority. *Ex parte Gorena,* 595 S.W.2d 841, 843 (Tex.1979) (orig. proceeding). The court can order a party jailed for criminal contempt for disrespect to the court or its process and to vindicate the court's authority. *See Ex parte Jones,* 160 Tex. 321, 331 S.W.2d 202, 205 (1960) (orig. proceeding). The trial court's civil or coercive power to commit is remedial in nature for the benefit of the complainant. *Ex parte Jones,* 331 S.W.2d at 205. However, a trial court's inherent power to punish a contempt by commitment has limitations. *Greiner,* 865 S.W.2d at 499; *Shook v. Gilmore & Tatge Mfg. Co.,* 851 S.W.2d 887, 891 (Tex.App.—Waco 1993, writ denied).

## D. Limitation of the Court's Power

### 1. Criminal or Punitive Commitment

When committing a contemnor for an act affronting the court's dignity and authority, the trial court can impose a fine or imprisonment or both. *See Ex parte Johns,* 807 S.W.2d 768, 771 (Tex.App.—Dallas 1991, orig. proceeding). However, the government code limits the court's power to fine or imprison a contemnor for violating a court order. The limit is a maximum fine of $500 or confinement in the county jail for not more than six months or both a fine and confinement. *See* TEX.GOV'T CODE ANN. § 21.002(b) (Vernon 1988); *Ex parte Blackthorne,* 818 S.W.2d 107, 110 (Tex.App.—San Antonio 1991, orig. proceeding).

### 2. Civil or Coercive Commitment

■ A trial court shall not imprison a person for debt. *See* TEX. CONST. art. I, § 18; *Ex parte Hall,* 854 S.W.2d 656, 658 (Tex. 1993) (orig. proceeding); *Ex parte Yates,* 387 S.W.2d 377, 380 (Tex.1965) (orig. proceeding). Nor does our law allow collection of attorney's fees by contempt proceedings. *Wallace v. Briggs,* 162 Tex. 485, 348 S.W.2d 523, 526 (1961) (orig. proceeding); *Ex parte Roan,* 887 S.W.2d 462, 464–65 (Tex.App.—Dallas, 1994, orig. proceeding); *Ex parte*

*Rogers,* 633 S.W.2d 666, 671 (Tex.App.—Amarillo 1982, orig. proceeding).

## APPLICATION OF THE LAW TO THE FACTS

The trial court found relator guilty of contempt for not paying the discovery costs as ordered in the second sanctions order. The trial court then ordered relator jailed until he purged himself of the contempt by paying the $14,596.65 to Avery's attorney. The commitment order does not jail relator for a set time for disobeying the trial court's sanction order. Nor does the order assess a fine for relator's disobeying the sanction order. Thus, the order is not punitive in nature. This coercive order jails relator until he purges himself of the contempt by paying the discovery costs to Avery's attorney.

The record reflects the discovery costs consisted of attorney's fees, administrative expenses, and expert witness consulting fees. The trial court conditioned the coercive contempt upon relator paying the discovery costs to Avery's attorney. The amount relator must pay to secure his release is attorney's fees and debt, not a fine. Because the commitment order requires payment of debt and attorney's fees, it is void. TEX. CONST. art. I § 18; *Wallace,* 348 S.W.2d at 526; *Ex parte Roan,* 887 S.W.2d at 464–65.

Because the commitment order violates the Texas Constitution, we need not discuss relator's other grounds for relief.

We order relator discharged.