TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00568-CV






Marc Wein, Appellant


v.


Maureen Jenkins and William E. Sherman, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GN103548, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING




 

O R D E R


PER CURIAM


 Appellees Maureen Jenkins and William E. Sherman sued their neighbor, appellant
Marc Wein, alleging that Wein had trespassed and encroached on their property, building stairs and
a boat dock partially on their land, and was operating out of his home a commercial bed and
breakfast, violating the neighborhood's restrictions and covenants. In late May 2004, a jury found
largely in favor of appellees. On July 28, 2004, the trial court signed a final judgment awarding
appellees monetary damages and attorney's fees, ordering Wein to remove the offending structures
from appellees' property, and permanently enjoining Wein from operating the bed and breakfast,
effective immediately. The trial court's judgment was clear and unambiguous in its order that Wein
cease operating his commercial business from his home.

 On September 2, Wein filed his notice of appeal; appellees received notice of his
appeal on September 7. Also on September 2, appellees filed a motion for contempt in the trial
court, asserting that Wein was violating the injunction and continuing to use his home as a bed and
breakfast. On September 20, the trial court held a hearing on appellees' motion. At that hearing,
Wein raised the issue of the trial court's jurisdiction, asserting that the trial court lost jurisdiction
when he filed his notice of appeal. The court conducted an evidentiary hearing, but declined to enter
an order or assess sanctions, leaving that to this Court. 

 On October 4, appellees filed in this Court a "motion for judgment on plaintiffs'
motion for contempt," asking that Wein be jailed until he "purged himself" of his contempt. Wein
asserts that (1) the evidence put forth in the trial court's hearing should be disregarded because the
trial court lacked jurisdiction, (2) he should not be jailed because there was no evidence that he is
currently violating the order, and (3) appellees should not be awarded attorney's fees because they
did not act with due diligence in filing their motion for contempt and proceeding with the hearing
before the trial court. We held a show-cause hearing on October 27 to address this issue.

 The supreme court has stated, "For appealable orders in the nature of an injunction,
in which the validity of the order alleged to have been violated is itself in issue in the appeal, the
appellate court alone is vested with jurisdiction to enforce the injunctive provisions by contempt." 
Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas, 810 S.W.2d 738, 740 (Tex. 1991). In such
a case, this Court "may exercise that jurisdiction by referring to the trial court the fact finding burden
of hearing testimony and taking evidence, but the appellate court where the appeal is pending must
exercise jurisdiction to actually issue the contempt judgment." Id. at 740-41; see In re Goldblatt,
38 S.W.3d 802, 804 (Tex. App.--Fort Worth 2001, orig. proceeding); Roosth v. Daggett, 869
S.W.2d 634, 636-37 (Tex. App.--Houston [14th Dist.] 1994, orig. proceeding); see also In re
Taylor, 39 S.W.3d 406, 410-11 (Tex. App.--Waco 2001, orig. proceeding) (in family law case,
portion of order allegedly violated was not mentioned in direct appeal and therefore trial court
retained jurisdiction to enforce that portion of order by contempt). Unless the injunction is void, its
propriety is not an issue--the only issue is whether the injunction was violated. See Fort Worth
Driving Club v. Fort Worth Fair Ass'n, 121 S.W. 213, 216 (Tex. Civ. App.), rev'd on other grounds,
122 S.W. 254 (Tex. 1909).

 Wein urges that this Court must disregard evidence heard by the trial court because
the court lacked jurisdiction over the issue of contempt once Wein filed his notice of appeal. (1) Wein
argues that instead we should remand the cause to the trial court to hold a second hearing on the
issue, essentially granting the trial court jurisdiction to hold a specific hearing. We disagree. Wein
acknowledges that we have the authority to refer the cause to the trial court for fact finding, see
Schultz, 810 S.W.2d at 740, and we have the authority to conduct our own evidentiary hearing on
a motion for contempt, although referring a cause to the trial court for fact finding generally is
preferred. In re Werblud, 536 S.W.2d 542, 544-45 (Tex. 1976); In re Reed, 901 S.W.2d 604, 610-11
(Tex. App.--San Antonio 1995, orig. proceeding). Although the trial court held an evidentiary
hearing, it did not take any "action" that would be void for lack of jurisdiction aside from verbally
finding that Wein was in contempt. (2) Because we may perform a fact finding on the issue of
contempt, see Werblud, 536 S.W.2d at 544-45, we will make our own finding of contempt based on
this record. Accordingly, we disregard the trial court's verbal finding of contempt and will consider
the evidence brought forth at the hearing before the trial court. To refer the cause to the trial court
for a second hearing on the same issues, as urged by Wein, would accomplish nothing but a waste
of time and judicial resources. 

 At the hearing, appellees presented evidence that Wein had continued to operate his
business after the trial court permanently enjoined him from doing so. Appellees presented
information taken from Wein's website on September 20, 2004, still advertising his bed and
breakfast as a "unique luxury retreat." The evidence shows that the bed and breakfast had at least
six rooms and provided breakfasts and other amenities and services. Appellees brought forth
evidence that Wein rented the entire house for a family reunion the weekend of August 6 through
August 8, billing the family about $7,000. The man who rented the house for the reunion testified
that Wein told him that the residence "was busy," and that "some sort of wedding party . . . was
coming in after us." Appellees also introduced portions of Wein's May deposition, during which
he testified about a wedding that was planned for August 11. The record does not reflect whether
that wedding was actually held at Wein's bed and breakfast. Disregarding the trial court's legal
conclusion that Wein had committed contempt, we find and conclude, based on the uncontroverted
evidence, (3) that Wein continued to operate his bed and breakfast well after the trial court signed its
order and thus was in contempt of court.

 The government code provides a limit of $500 in fines per instance of contempt. Tex.
Gov't Code Ann. § 21.002(b) (West 2004); In re Long, 984 S.W.2d 623, 625 (Tex. 1999). In
assessing a penalty, we may not divide a single act of contempt into separate acts and assess
punishment for each allegedly separate act. Long, 984 S.W.2d at 625. Nor may we assess attorney's
fees as sanctions for contempt. Wallace v. Briggs, 348 S.W.2d 523, 525-26 (Tex. 1961); In re
Wieses, 1 S.W.3d 246, 251 (Tex. App.--Corpus Christi 1999, orig. proceeding); Ex parte Dolenz,
893 S.W.2d 677, 680 (Tex. App.--Dallas 1995, orig. proceeding). A person in contempt may be
confined to jail "to vindicate the court's authority," Dolenz, 893 S.W.2d at 677, but the term of
imprisonment must be for the lesser of 18 months or end upon compliance with the court order. Tex.
Gov't Code Ann. § 21.002(h)(2).

 There is no evidence that Wein is still operating his bed and breakfast and therefore
there is no evidence that he is currently in contempt of which he must be "purged." Thus, we will
not commit Wein to jail, as requested by appellees. See id. Nor may we award attorney's fees
incurred by appellees in pursuing these contempt proceedings. See Wallace, 348 S.W.2d at 525-26. 
We may assess a fine, capped at $500 per instance of contempt. See Long, 984 S.W.2d at 625. 
During August, Wein continued to operate his bed and breakfast and rented out the entire house for
at least one full weekend. Leading up to the weekend, Wein corresponded with the would-be guests,
emailing them and telling them how to get directions to the house and providing a gate code to gain
entry to the neighborhood and information about use of the boat dock. Wein continued to solicit
business through his website well into the fall of 2004. In our view, Wein's actions amount to four
instances of contempt in total--one for each day during which Wein allowed his house to be used
in August as a bed and breakfast in violation of the trial court's order, and one for his continuing to
solicit bed and breakfast reservations through his website after the court signed its order. 

 Accordingly, the Court hereby ORDERS, ADJUDGES, and DECREES that Marc
Wein is in contempt of court for violating the trial court's order of July 28, 2004, by having let out
his home as a commercial bed and breakfast on August 6, 2004.

 For this violation, the Court orders that Marc Wein shall be fined $500.00.

 The Court further ORDERS, ADJUDGES, and DECREES that Marc Wein is in
contempt of court for violating the trial court's order of July 28, 2004, by having let out his home
as a commercial bed and breakfast on August 7, 2004.

 For this violation, the Court orders that Marc Wein shall be fined $500.00.

 The Court further ORDERS, ADJUDGES, and DECREES that Marc Wein is in
contempt of court for violating the trial court's order of July 28, 2004, by having let out his home
as a commercial bed and breakfast on August 8, 2004.

 For this violation, the Court orders that Marc Wein shall be fined $500.00.

 The Court finally ORDERS, ADJUDGES, and DECREES that Marc Wein is in
contempt of court for violating the trial court's order of July 28, 2004, by continuing to operate his
website and solicit business for several months after the issuance of the trial court's order.

 For this violation, the Court orders that Marc Wein shall be fined $500.00.

 We thus order Wein to pay a fine of two thousand dollars ($2,000) to the Clerk of the
Third Court of Appeals no later than 5:00 p.m. on March 17, 2005. If Wein fails to pay the fine
timely, it shall be collectible in the manner provided by law. 

 It is further ordered that all costs be adjudged against Marc Wein.

 It is ordered on February 15, 2005.


Before Chief Justice Law, Justices B. A. Smith and Pemberton
1. Wein points to Morrison v. State, 132 S.W.3d 37 (Tex. App.--Houston [14th Dist.] 2004,
pet. ref'd), and Hagens v. State, 979 S.W.2d 788 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd),
both criminal cases concerning hearings on motions for new trial conducted after the trial courts lost
jurisdiction of the cases. In Hagens, the court stated:


While we may have the authority to reverse a judgment and remand the cause for
ineffective assistance of counsel manifestly appearing in the record at the hearing
on a defendant's motion for new trial, we have no authority to extend the
deadlines for filing a motion for new trial. Because we have no authority to order
the trial court to conduct a hearing on an out-of-time motion for new trial, we
have no authority to consider the record prepared at such a hearing.


979 S.W.2d at 792 (citation omitted). In Morrison, the court refused to consider evidence brought
forth at a hearing held after the trial court denied the timely filed motion by written order and after
the motion for new trial would have been overruled as a matter of law. 132 S.W.3d at 48. Morrison
does not answer the question raised by Hagens of whether the court could extend the deadline for
the hearing in spite of the order overruling the motion and the running of the time in which the
motion would otherwise have been overruled as a matter of law.
2. The jurisdictional issue appears to have been first raised in Wein's response to appellees'
motion for contempt, filed on September 20, 2004. The trial court was faced at the time with a
motion for contempt filed before appellees learned that Wein had appealed. 
3. We note that, at the show-cause hearing before this Court, Wein and his attorney admitted
that Wein had rented the house for the family reunion and stated that the website had been taken
down. At the time of the show-cause hearing before this Court, Wein's website was still operational,
and on November 8, appellees' counsel informed the Court that as of November 5, the website was
still operating and soliciting reservations. The website has since been changed to show only a
message that states, "Site Temporarily Unavailable." These facts alone, admitted by Wein before
this Court, are grounds for holding Wein in contempt.