**Writ of Mandamus is Granted and Opinion Filed March 25, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00159-CV

### IN RE CHERILYN ANN KINNEY, Relator

**Original Proceeding from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 77,508**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice Lang

Relator, Cherilyn Ann Kinney, filed this habeas corpus proceeding after the trial court adjudged her guilty of one count of contempt of court and ordered her confined in the county jail of Hunt County, Texas until she tendered payment of $40,000.00 to real party in interest, Robert Kinney, her former husband. We grant relief.

### I. FACTUAL AND PROCEDURAL CONTEXT

This petition for writ of habeas corpus arises in an enforcement proceeding incident to a divorce. Relator, Cherilyn Kinney, and real party in interest, Robert Kinney, were divorced on April 25, 2013 and a final decree of divorce was rendered on May 22, 2013. Pursuant to the decree of divorce, real party was awarded $40,000.00 secured by an owelty lien on a residence in Missouri awarded to relator in the divorce decree. The divorce decree specified that the sum

was to be paid by relator to real party in interest on or before six months following the signing of the decree and specifically identified this sum of $40,000.00 as a debt of relator.

When relator failed to pay $40,000.00 to real party in interest within six months of the date of the signing of the divorce decree, real party in interest filed a motion to enforce the divorce decree by contempt. The trial court conducted a hearing on February 7, 2014 and found relator failed to pay $40,000.00 to real party in interest by November 22, 2013 in violation of the divorce decree. The trial court found relator guilty of contempt of court for this violation and sentenced her to confinement in the Hunt County jail until she tendered payment in the amount of $40,000.00 to real party. Relator was taken into custody by the Hunt County sheriff and then filed this petition for writ of habeas corpus.

## II. STANDARD OF REVIEW FOR HABEAS CORPUS RELIEF

A habeas corpus proceeding is a collateral attack on a judgment of contempt. *In re Johnson,* 337 S.W.3d 486, 488 (Tex. App.—Dallas 2011, orig. proceeding). A petition for writ of habeas corpus does not inquire into the guilt or innocence of the relator, but only to determine whether the relator was afforded due process of law or if the order of contempt was void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); *Ex parte Casey*, 944 S.W.2d 18, 19 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding). A contempt order is void if it is beyond the power of the court to render it or if it deprives the relator of liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding).

If the basis for an original habeas corpus proceeding is an evidentiary challenge, the reviewing court may only determine if the trial court's contempt findings are so completely without evidentiary support that the trial court's judgment is void because it deprives a relator of liberty without due process of law. *Ex parte Helms*, 259 S.W.2d 184, 186 (Tex. 1953) (orig. proceeding). The court may not weigh the evidence offered at the contempt hearing to determine

–2–

whether it preponderates against the judgment. *Ex parte Helms*, 259 S.W.2d at 186; *Ex parte Dolenz*, 893 S.W.2d 677, 679 (Tex. App.—Dallas 1995, orig. proceeding). It is the right of the trial court to judge the witnesses' credibility and the weight given their testimony. *Ex parte Karr*, 663 S.W.2d 534, 538 (Tex. App.—Amarillo 1983, orig. proceeding). If there is no competent evidence of guilt, however, a writ of habeas corpus must issue and the relator must be discharged. *See Ex parte Elmore*, 342 S.W.2d 558, 561 (Tex. 1961) (orig. proceeding).

We give the trial court's determination of legal principles less deference. *Dolenz,* 893 S.W.2d at 679. A trial court has no discretion in determining what the law is or applying the law to the facts. *Ex parte Hightower*, 877 S.W.2d 17, 20 (Tex. App.—Dallas 1994, writ dism'd w.o.j.) A trial court's clear failure to analyze or apply the law correctly is an abuse of discretion for which a writ of habeas corpus will issue. *Id.*

### III. IMPROPRIETY OF IMPRISONMENT FOR DEBT

Petitioner argues that the order of contempt is void because it imprisons her for failure to pay a debt in violation of the Texas Constitution. The Texas Constitution provides, "No person shall ever be imprisoned for debt." Tex. Const. art. I, §18; *see also Ex parte Yates*, 387 S.W.2d 377, 380 (Tex. 1965). In accordance with this prohibition, the Family Code provides "The court may enforce by contempt an order requiring the delivery of specific property or an award of a right to future property." TEX. FAM. CODE ANN. §9.012(a) (West 2006). A court may not, however, "enforce by contempt an award in a decree of divorce or annulment of a sum of money payable in a lump sum or in future installments payments in the nature of debt, except for: (1) a sum of money in existence at the time the decree was rendered; or (2) a matured right to future payments . . . ." TEX. FAM. CODE ANN. §9.012(b) (West 2006). Failure to comply with an order to pay a debt is not contempt punishable by imprisonment. *Ex Parte Hall*, 854 S.W.2d 656, 658 (Tex. 1993) (orig. proceeding).

–3–

Not every obligation to pay money in the future is a debt within the meaning of article I, section 18 of the Texas Constitution. *In re Byrom*, 316 S.W.3d 787, 791 (Tex. App.—Tyler 2010, orig. proceeding). In the context of a divorce case, a payment of money to be made in the future is not debt if it represents the former spouse's share of a specific funds, including matured rights to future payments, that are community property and in existence at the time the divorce decree was rendered. *See In re Henry,* 154 S.W.3d 594, 596 (Tex. 2005) ("A person may be held in coercive contempt for failure to satisfy an obligation to deliver specific property pursuant to a division of the community estate."); *Ex parte Sutherland,* 526 S.W.2d 536, 539 (Tex. 1975) (orig. proceeding) ("Relator was constituted a trustee by the court to collect and remit to the clerk the one-half of the pay awarded to the wife. In performing that duty he will not be paying a debt but will be surrendering the share to which his former wife is legally entitled. His confinement to compel payment of the arrearage in the wife's one-half of the retainer pay is not imprisonment for debt."); *Ex parte Preston*, 347 S.W.2d 938, 940 (1961) (orig. proceeding) ("The award of $10,000 to the wife in the division of the community property is not a debt in the ordinary sense owing by the husband in contemplation of the constitutional inhibition. He has in his possession $21,000 of community property, $10,000 of which has been awarded to the wife."). The fact that the obligation is imposed as a part of the division of community property does not, however, necessarily in itself transform the obligation into one enforceable by coercive contempt. *In re Henry*, 154 S.W.3d at 597; *Ex parte Neff*, 542 S.W.2d 268, 270 (Tex. Civ. App.—Fort Worth 1976, no writ) ("Whether we construe the language of the decree to mean, as the ex-wife argues, that relator was awarded property in exchange for which he was to make the future payments, or whether we construe it to mean that the ex-wife was being given the cash payments because there was not enough other property to award her, the fact remains that the divorce decree itself does not identify the $17,500.00 as funds in existence at the time of the divorce.") To be

enforceable by contempt, the divorce decree must indicate the funds existed at the time the decree was rendered or specify particular community funds from which the amount is to be paid. *In re Henry*, 154 S.W.3d at 597.

The divorce decree itself does not show that real party was awarded community funds in the amount of $40,000.00 in existence on the date of the divorce decree. Indeed, the divorce decree itself characterizes the sum of $40,000.00 awarded to real party as a debt of the relator and secures that debt with a lien on real property she was awarded. During the proceedings on the motion for contempt, the trial court found, "the petitioner, respondent herein, had access to the, to the sum of $40,000 that was in existence at the time from her, the proceeds of her mother's estate as well as the divorce property division as of May 22nd, 2013." The fact that relator had "access to" the sum of $40,000.00 from money she inherited from her mother's estate is not dispositive. A court cannot divest an owner of separate property. *Pearson v. Fillingim*, 332 S.W.3d 361, 364 (Tex. 2011). A trial court may invoke its contempt power only to enforce "delivery of specific property or an award of a right to future property" or the delivery of "a sum of money in existence at the time the decree was rendered or a matured right to future payments." TEX. FAM. CODE ANN. §9.012 (West 2006).

## IV. CONCLUSION

Because the trial court's order imprisoned relator for the non-payment of a debt, we **GRANT** habeas corpus relief and **VACATE** the order dated February 7, 2014, entitled Order Holding Respondent in Contempt and for Commitment to County Jail (Property Division), issued by the 196th District Court of Hunt County, Texas, styled *In the Matter of the Marriage of Cherilyn Ann Kinney and Robert Lynn Kinney* in cause number 77,508.

We **ORDER** that relator Cherilyn Ann Kinney be unconditionally released and discharged from the custody of the Sheriff of Hunt County pursuant to that same order. We further

–5–

**DISCHARGE** the bond paid by relator in accordance with this Court's orders of February 11, 2014 and February 10, 2014.

/Douglas S. Lang/

DOUGLAS S. LANG

140159F.P05          JUSTICE