

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00177-CV

IN RE WALTER LYNN JOHNSTON, RELATOR

ORIGINAL PROCEEDING

December 20, 2022

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Walter "Lynn" Johnston has filed a document entitled "Petition for Writ of Mandamus or, in the Alternative, Writ of Habeas Corpus" seeking our determination that the contempt judgment filed by the Honorable Les Hatch, Presiding Judge of the 237th District Court of Lubbock County, is void. We determine Lynn's filing is a petition for writ of mandamus and conditionally grant his requested relief.

### BACKGROUND

On February 28, 2019, Cassandra Johnston filed for divorce from Lynn. The trial court entered temporary orders on June 7, 2019, in which it ordered Lynn to, inter alia,

pay $1,253.00 each month for child support and to pay fifty percent of all unreimbursed health, vision, and dental care expenses.

After Lynn failed to make certain child support payments, medical support payments, and debt payments, Cassandra filed a motion for enforcement and contempt. By this motion, Cassandra sought the trial court's order holding Lynn in contempt for the late child and medical support payments. The trial court held hearings on contempt, enforcement, and the final divorce, which concluded on February 9, 2021. On December 13, 2021, the trial court rendered a final decree of divorce, a judgment of contempt for violations of temporary orders, and a judgment of enforcement for violations of temporary orders. The trial court's contempt judgment found that Lynn had committed forty-one violations of the temporary orders and ordered Lynn to serve a ninety-day jail sentence but suspended the sentence with "unsupervised probation" and with specified terms of probation. The contempt judgment also ordered Lynn to pay Cassandra $15,000 in attorney's fees.

On March 11, 2022, Cassandra filed a motion to revoke Lynn's probation. A hearing was scheduled for May of 2022 but was continued. On June 24, 2022, Lynn filed a motion for emergency relief with this Court seeking to stay proceedings in the trial court pending resolution of the matters raised in the instant original proceeding. By order dated June 28, 2022, we granted Lynn's motion and stayed proceedings in the trial court.

### TYPE OF RELIEF SOUGHT

Initially, we must determine the type of relief sought by Lynn. This proceeding involves a contempt judgment that orders confinement for a period of ninety days with that sentence suspended and Lynn placed on "unsupervised probation."

Generally, a petition for writ of habeas corpus is the only method for attacking an order of contempt. *In re Reece*, 341 S.W.3d 360, 370 (Tex. 2011) (orig. proceeding). However, "mandamus is available to challenge an order of contempt not involving confinement . . . ." *Id.* (citing *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam), and *Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995) (orig. proceeding) (per curiam)); *see Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.) ("Contempt orders involving confinement may be reviewed by writ of habeas corpus; contempt orders that do not involve confinement may be reviewed only through mandamus."). While courts have extended the concept of "confinement" to include probation, the terms of probation typically must include some type of tangible restraint of liberty, such as house arrest or monthly reporting requirements. *Ex parte Hughey*, 932 S.W.2d 308, 310 (Tex. App.—Tyler 1996, orig. proceeding).

Because Lynn was placed on "unsupervised probation," we conclude that he seeks mandamus relief and we will analyze his claims accordingly.

### STANDARD OF REVIEW

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). When seeking mandamus relief, the relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833,

3

840 (Tex. 1992) (orig. proceeding). Contempt orders are not reviewable by appeal. *Roisman v. Roisman*, 651 S.W.3d 419, 433 (Tex. App.—Houston [1st Dist.] 2022, orig. proceeding) (mem. op.). Because there is no adequate remedy by appeal for Lynn's challenge to the contempt judgment, the question remaining here is whether the trial court abused its discretion in rendering the order. *Id.* at 434. A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839. Because a trial court has no discretion in determining what the law is or applying the law to the facts, a trial court's clear failure to analyze or apply the law correctly is an abuse of discretion. *Roisman*, 651 S.W.3d at 434; *Ex parte Dolenz*, 893 S.W.2d 677, 680 (Tex. App.—Dallas 1995, orig. proceeding).

An appellate court should issue a writ of mandamus only if the contempt judgment is void, and not if it is merely voidable. *Ex parte Dolenz*, 893 S.W.2d at 679. We review a contempt judgment to determine whether the findings are "so completely without evidentiary support [that] the order deprives a relator of due process of law." *Id.* at 680.

## VALIDITY OF THE CONTEMPT JUDGMENT

Lynn's first two issues challenge the specificity of Cassandra's motion for enforcement and the resulting contempt judgment.

Contempt of court has been defined as "disobedience to or disrespect of a court by acting in opposition to its authority." *In re Luther*, 620 S.W.3d 715, 721 (Tex. 2021) (per curiam). Because an alleged contemnor's liberty is at stake, contempt should only be used as a last resort. *Id.*

Contempt proceedings are quasi-criminal in nature and, as such, the contemnor is entitled to procedural due process throughout the proceedings. *Roisman*, 651 S.W.3d at 434. To support a contempt judgment, the underlying order must set forth the terms of compliance in clear, specific, and unambiguous terms so that the person charged with obeying the decree will know exactly what duties and obligations are imposed upon him. *Luther*, 620 S.W.2d at 722. A court order that fails to meet these requirements of specificity is not definite and certain enough to support a contempt finding. *Id.*

We will grant a relator relief only if the underlying order is void. *See id.* at 721–22; *Ex parte Shaffer*, 649 S.W.2d 300, 301–02 (Tex. 1983) ("[O]ne may not be held guilty of contempt for refusing to obey a void order"). A contempt order rendered without adequate notice is void. *Roisman*, 651 S.W.3d at 435. The relator bears the burden of showing that the contempt judgment is void. *Id.*

Lynn contends that Cassandra's motion for enforcement lacked sufficient specificity to support a finding of contempt.

Family Code section 157.002 identifies the pleading requirements for motions to enforce. *See* TEX. FAM. CODE ANN. § 157.002. This section requires an enforcement motion to identify the provision of the order allegedly violated, state the manner of the respondent's noncompliance, and state the relief movant requests. *Id.* § 157.002(a). "[A] respondent may be found in contempt only for violations that are specifically pled in the motion for enforcement . . . ." *In re Office of Attorney Gen.*, 422 S.W.3d 623, 630 (Tex. 2013) (orig. proceeding).

5

Because the obligation to pay child support is a duty, not a debt, a person may be held in contempt and imprisoned for failing to pay child support. *Roisman*, 651 S.W.3d at 434. Medical support is a child-support obligation that is also enforceable by contempt. *Id.*

Lynn contends that the contempt judgment is void because Cassandra's motion for contempt failed to comply with the due process notice requirements. Cassandra's motion references the temporary order's medical support obligation as follows:

> Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health, vision, and dental-care expenses of the children that are not reimbursed by health, vision, or dental insurance, are allocated as follows: WALTER LYNN JOHNSTON is ORDERED to pay 50 percent and CASSANDRA JOY JOHNSTON is ORDERED to pay 50 percent of the unreimbursed health, vision, and dental-care expenses if, at the time the expenses are incurred, WALTER LYNN JOHNSTON is providing health, vision, and dental insurance as ordered.

(emphasis in original). This language fails to provide Lynn notice as to when, how, and in what manner he was required to comply. The trial court found twenty-eight violations related to this medical support obligation. Because the underlying order does not set forth the terms of compliance in clear, specific, and unambiguous terms so that Lynn knew exactly what duties and obligations are imposed upon him, Lynn was deprived of the notice required by due process and cannot be held in contempt for these medical support violations. *See Luther*, 620 S.W.3d at 722.

When a single punishment is assessed for multiple contemptuous acts but contempt could not be assessed for one or more of the acts, the entire judgment of contempt is void. *Ex parte Jordan*, 787 S.W.2d 367, 368 (Tex. 1990) (per curiam) (orig. proceeding); *Ex parte Davila*, 718 S.W.2d 281, 282 (Tex. 1986) (per curiam) (orig.

6

proceeding). As determined above, the contempt judgment is void as to Lynn's medical support obligation because the temporary orders upon which the judgment is based do not specifically identify the terms of compliance. The contempt judgment finds that Lynn violated the temporary orders forty-one times, but twenty-eight of those violations were based on Lynn's claimed failure to pay medical support. Because one sentence was assessed for forty-one violations but twenty-eight of them will not support an order of contempt, we find the entire contempt judgment in this case to be void.

Having found the contempt judgment void, we sustain Lynn's first two issues.

## ATTORNEY'S FEES AWARD

By his third issue, Lynn challenges the award of attorney's fees in the contempt judgment as an abuse of discretion because the fees were not segregated between those arising from the enforcement action and the contempt action, the evidence shows the award is duplicative of other fees awarded, and the fees are void because they are awarded in a void contempt judgment.[1]

As addressed above, when a single punishment is assessed for multiple contemptuous acts but contempt could not be assessed for one or more of the acts, the entire judgment of contempt is void. *Ex parte Jordan*, 787 S.W.2d at 368; *Ex parte Davila*, 718 S.W.2d at 282. When the entire judgment of contempt is void, we are unable to

---

[1] We acknowledge that Lynn does not raise the argument that the attorney's fees award is void because it is part of a void contempt judgment in his petition for writ of mandamus. He first makes this argument in his reply brief. Nevertheless, we believe that the invalidity of the attorney's fee award because it is contained in a void contempt judgment is a natural consequence of our determination that the contempt judgment is void. We also note that Cassandra anticipated this argument and addressed it in her responsive brief.

7

reform the judgment by severing out the void portions. *In re Henry*, 154 S.W.3d 594, 598 (Tex. 2005).

As previously determined, the contempt judgment in the present case is void for assessing a punishment for twenty-eight violations that will not support contempt. Because the contempt judgment is void in its entirety, that must include its award of $15,000 in attorney's fees.

Having determined that the entire contempt judgment is void, we sustain Lynn's third issue.

## CONCLUSION

We lift the stay of proceedings in the trial court that we granted on June 28, 2022. Based on our conclusions that the trial court clearly abused its discretion by entering a void contempt judgment and Lynn has no adequate remedy by appeal, we conditionally grant mandamus relief directing the trial court to vacate its judgment holding Lynn in contempt. We will issue our writ only if the trial court fails to comply.

Judy C. Parker
Justice

8