**Martha TRACY, Appellant,**

v.

**Vance TRACY, Appellee.**

**No. 05–05–01574–CV.**

Court of Appeals of Texas, Dallas.

March 19, 2007.

Bill Boyd, Boyd & Veigel, P.C., McKinney, for appellant.

Charles Philips, Philips & Epperson, McKinney, for appellee.

Before Justices WHITTINGTON, FRANCIS, and LANG.

## OPINION

Opinion by Justice FRANCIS.

In this appeal, Martha Tracy challenges the trial court's order finding her in contempt for violating a divorce decree. Because we do not have jurisdiction over a contempt judgment by direct appeal, we dismiss the appeal for want of jurisdiction. However, because of the unusual facts presented in this proceeding, we will nevertheless provide guidance to the trial judge on the validity of the contempt order under which Martha risks confinement.

Martha and Vance Tracy divorced in December 2003. As part of the amended decree of divorce, Vance was ordered to

apply for refinancing of the marital residence and pay Martha $50,000 upon closing of the refinancing. Martha was ordered to tender a special warranty deed "to the closing agent for the refinancing." The deed was to be held in trust until the transaction closed and Martha received the $50,000.

In September 2005, Vance brought a petition to enforce the decree, complaining that Martha had failed and refused to deliver the deed after he paid her $50,000 and had demanded that he pay her an additional $10,000 before she would tender the deed. Vance requested that Martha be held in contempt, jailed, and fined for "each violation." He also sought reasonable attorney's fees.

Our record does not contain a response to the petition by Martha, but two days after the petition was filed she executed and delivered a deed to Vance. At the enforcement hearing, Vance's counsel acknowledged receipt of the deed, but argued that he was entitled to attorney's fees "that could have been avoided had Ms. Tracy followed the terms and conditions of the decree." He asked the trial judge to hold Martha in contempt and have her jailed until she paid his attorney's fees.

Both Vance and Martha testified at the hearing. Vance testified that he refinanced the home in December 2003 and paid Martha $50,000, but she did not tender the deed to him or to the closing agent, to his knowledge. Vance said he had received an offer to purchase the house but could not close on a sale because the deed had not been filed. According to Vance, he contacted Martha, who agreed to sign the deed if he would pay her an additional $10,000. On cross-examination, Vance acknowledged that when he paid Martha the $50,000 from refinancing the house, he did not need the deed. Also, he

testified that he did not ask her to sign anything when he paid her.

Martha testified she received the $50,000 but did not tender the deed. She said she was not contacted by the closing agent during the refinancing and that no one asked her to sign anything at that time. When asked by the trial judge about her demand for an additional $10,000, Martha explained that in initial divorce discussions, Vance offered her $64,000 for her portion of the house.

At the conclusion of the hearing, the trial judge found Martha in contempt of court and awarded Vance $2360 in attorney's fees and costs. In his written order, Judge Charles Sandoval found that Martha violated the divorce decree by failing to deliver a special warranty deed to the property after having received the $50,000, continued to refuse to execute the deed although requested to do so, and made demand for an additional $10,000 before tendering the deed to Vance. Judge Sandoval ordered Martha confined in the county jail for a period not to exceed eighteen months or until she paid Vance's attorney his fees and costs of $2360. Judge Sandoval then ordered the commitment be suspended on the conditions that Martha (1) execute a special warranty deed "as required by the Original Divorce Decree" and (2) pay Vance's attorney's fees by 5 p.m. October 26, 2005. The order further provided that if Martha failed to pay the attorney's fees in accordance with the order, a writ of commitment would issue.

Martha did not pay the attorney's fees and instead filed a motion to vacate and/or amend the order. In the motion, Martha contended that the award of attorney's fees could not be enforced by contempt. Additionally, she asserted that there was "newly discovered evidence" that she may have executed a special warranty deed and

returned it to the lender on or about December 1, 2003.

At the hearing on this motion, Martha's trial counsel explained that Martha had, in fact, executed the deed before the petition for enforcement was filed. Counsel explained that he was not aware of the document at the previous hearing because he did not prepare the document nor did he have a copy in his file. Further, he explained that Martha did not realize she had signed the deed and only found a copy of the last page after the last hearing. Counsel presented the document, which he said was prepared by opposing counsel, to the trial judge and offered it as evidence. After hearing the explanation of Martha's counsel, Judge Sandoval made the following remarks:

> Let me tell you something, I don't mind setting aside the contempt because it doesn't appear that she should have actually been found in contempt for not doing the deed, but I'm not going to set aside the attorney's fees because he had to go through the hassle, and if either client had known or you had known, then I suppose we wouldn't have had a hearing, but we did have a hearing—

Judge Sandoval ultimately denied the motion to vacate but agreed to suspend imposition of his order until this appeal was completed. No order of confinement has issued. Martha appealed the order; Vance did not file a responsive brief.

In her first issue, Martha argues the trial judge abused his discretion in holding her in contempt because (1) the decree is not specific enough to be enforced by contempt and (2) she had fully complied with the portion of the decree in question by the time the petition was presented to the court. In her second issue, she argues the portion of the order that orders her confinement for nonpayment of attorney's fees

constituted a "prohibited imprisonment for debt, and is void as a matter of law."

■ A court of appeals lacks jurisdiction to review a contempt order on direct appeal. *Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex.1983); *In re B.C.C.*, 187 S.W.3d 721, 723 (Tex. App.-Tyler 2006, no pet.); *In re A.C.J.*, 146 S.W.3d 323, 326 (Tex.App.-Beaumont 2004, no pet.); *In re T.L.K.*, 90 S.W.3d 833, 841 (Tex.App.-San Antonio 2002, no pet.); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 672 (Tex.App.-Fort Worth 2001, pet. denied) (en banc). Contempt orders involving confinement may be reviewed by writ of habeas corpus; contempt orders that do not involve confinement may be reviewed only through mandamus. *In re M.J.*, No. 05–05–00682–CV, slip op. at 5, 2006 WL 2382889, *6, —— S.W.3d ——, —— (Tex. App.-Dallas 2006, mand.denied; pet. denied).

■ Because both of Martha's issues attack the contempt order, we do not have jurisdiction over this appeal. Nevertheless, Martha risks having her liberty restrained by confinement in county jail until she pays the attorney's fees of opposing counsel that resulted from the enforcement proceeding. Thus, we are compelled to express our views on the validity of this contempt order, considering the unique facts of this case and given that the case has been briefed, argued, and contains both the clerk's and reporter's records. *See Deramus v. Thornton*, 160 Tex. 494, 333 S.W.2d 824, 828 (1960).

■ Although Judge Sandoval found that Martha violated the divorce decree by failing to deliver the special warranty deed, continuing to refuse to execute the deed after receiving the $50,000, and demanding an additional $10,000 to tender the deed, her threatened confinement was not, and practically speaking could not

have been, based on those violations. The record conclusively established that Martha had delivered the special warranty deed before the hearing on the petition for enforcement, whether by days before the hearing or months before the petition for enforcement was filed. The order itself adjudged Martha in contempt and ordered that she "shall be confined in the county jail of COLLIN County, Texas, for a period not to exceed eighteen months or until Respondent has complied with the following orders, whichever comes first. IT IS ORDERED that Respondent: Pay to Charles Phillips attorney's fees and costs in the amount of $2,360.00."

While the trial judge suspended confinement on the conditions that Martha execute the deed and pay the attorney's fees, only one of those conditions had not been met when the order was signed: payment of the attorney's fees. Moreover, after counsel offered evidence of a December 2003 deed and provided an explanation as to why the deed was not offered at the earlier hearing, the judge remarked that he did not "mind setting aside the contempt because it doesn't appear that she should have actually been found in contempt for not doing the deed." However, he refused to "set aside the attorney's fees" because opposing counsel "had to go through the hassle" of a hearing. Consequently, the record is clear that under the order of contempt, Martha can only avoid jail by paying the attorney's fees of opposing counsel.

 A trial court shall not imprison a person for debt. TEX. CONST. art. I, § 18; *Ex parte Dolenz*, 893 S.W.2d 677, 680 (Tex. App.-Dallas 1995, orig. proceeding). Nor does our law allow collection of attorney's fees by contempt proceedings. *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 525–26 (1961) (orig. proceeding); *Ex parte Dolenz*, 893 S.W.2d at 680; *Ex parte High-tower*, 877 S.W.2d 17, 20 (Tex.App.-Dallas 1994, orig. proceeding [writ dism'd w.o.j.]).

Because the order in this case purports to do that which the law does not allow, it is void. We presume a judge will not attempt to enforce a void order and direct confinement thereunder. *Deramus*, 333 S.W.2d at 827. Judge Sandoval has not yet acted and, in fact, has suspended imposition of his order until this Court had disposed of the appeal. In light of this Court's guidance with respect to the order, we presume Judge Sandoval will not attempt to enforce this order.

We dismiss the appeal.