NUMBER 13-09-00503-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
______________________________________________________________
 
IN THE INTEREST OF C. A. W. P. AND Z. J. W. P., MINOR CHILDREN
_____________________________________________________________

On Appeal from the County Court at Law No. 5 
of Hidalgo County, Texas.
______________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Benavides, and Vela
Memorandum Opinion Per Curiam

          Appellant, William Hayes Wyttenbach, attempts to appeal an order of contempt for
failure to pay child support, granting judgment for arrearages, and suspending commitment
and order modifying prior order entered against him on August 4, 2009. Appellate courts
have jurisdiction over appeals from final judgments and specific types of interlocutory
orders designated by the legislature as appealable. Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001); see, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(Vernon Supp. 2003). A judgment is final and appealable if it disposes of all parties and
all issues. Lehmann, 39 S.W.2d at 195. Without affirmative statutory authority to hear an
interlocutory appeal, this court is without jurisdiction. Id. 
          The order issued by the trial court was not a final, appealable judgment. 
Additionally, the order held appellant in contempt and this court does not have jurisdiction
to review contempt orders by direct appeal. See Norman v. Norman, 692 S.W.2d 655, 655
(Tex. 1985); Tracy v. Tracy, 219 S.W.3d 527, 530 (Tex. App.–Dallas 2007, no pet.). 
Contempt orders may be reviewed only by an application for a writ of habeas corpus, if the
contemnor has been confined, or by a petition for a writ of mandamus, if the contemnor
has not been confined. See Rosser v. Squier, 902 S.W.2d 962, 962 (Tex. 1995); Ex parte
Williams, 690 S.W.2d 243, 243 (Tex. 1985); Tracy, 219 S.W.3d at 290.
          The Court, having examined and fully considered the documents on file, is of the
opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the
appeal is hereby DISMISSED FOR WANT OF JURISDICTION. See Tex. R. App. P.
42.3(a), (c). 
 
                                                                                      PER CURIAM
Delivered and filed the 29th
day of December, 2009.