Opinion filed July 12,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00263-CV

                                                    __________

 

                                   MINNIE
R. SUAREZ, Appellant

 

                                                             V.

 

         Gloria
Castillo, as executrix of the Estate of

                        Santiago
Suarez, Deceased, Appellee



 

                                  On
Appeal from the 132nd District Court

 

                                                           Scurry
County, Texas

 

                                                     Trial
Court Cause No. 22,353

 



 

M E M O R A N D U M   O P I N I O N

            This
is an appeal from an enforcement order entered subsequent to the entry of a
divorce decree in which the trial court dissolved the marriage of Santiago
Suarez and Minnie R. Suarez and made a division of the marital property.  When
it entered its enforcement order, the trial court ordered Minnie to execute
certain documents necessary to effectuate the terms of that decree.  She did
not do that but, instead, filed this appeal.  We affirm.

            Santiago retired as an employee of the
State of Texas on June 30, 2002, and selected Annuity Option 1 provided for by
the Employees Retirement System of Texas (ERS).  Santiago and Minnie were
divorced some three and one-half years later on January 27, 2006. In paragraph 7
of the divorce decree, the trial court awarded Santiago the property listed in
Schedule A as his sole and separate property and divested Minnie of “all right,
title, interest and claim in and to such property.”  Schedule A, paragraph 6 of
the divorce decree provided that Santiago was entitled to “[a]ny and all sums,
whether matured or unmatured, accrued or unaccrued, vested or otherwise, together
with all increases thereof, the proceeds therefrom, and any other rights
related to any profit-sharing plan, retirement plan, pension plan, employee
stock option plan, employee saving’s plan, accrued unpaid bonuses, or other
benefit program existing by reason of [Santiago’s] past, present or future
employment, including, but not limited to Employees Retirement System of
Texas.”  In paragraph 12 of the decree, the trial court ordered Santiago
and Minnie to “execute all instruments necessary to effect [the] decree” and
that each would have “all appropriate and necessary writs, execution, and
process, as many and as often as is necessary to accomplish the execution and
final disposition of this judgment.”  Santiago successfully changed the
designated beneficiary of his ERS life insurance policy from Minnie to Gloria
Castillo, his sister and executrix of his estate.  He also sent ERS a letter
asking to make the same beneficiary change to his retirement account and
enclosed a copy of the divorce decree. However, Santiago died nineteen days
later, without completing the change in designated beneficiary of his
retirement plan.  The Estate of Santiago Suarez is a contingent beneficiary of
the annuity, according to the ERS application for retirement benefits that Santiago
completed and signed in 2002 upon his retirement.

            On May 17, 2010, Castillo, on behalf of the
Estate of Santiago Suarez, made demand upon Minnie to execute a transfer and
release of interest on a form acceptable to the ERS. Minnie refused to sign the
transfer.  On May 28, 2010, a petition for enforcement of property division by
contempt was filed.  On August 4, 2010, the trial court held a hearing on the
petition for enforcement.  At the conclusion of the hearing, the trial court
granted the petition and ordered Minnie to sign the transfer and release form that
was attached to the petitioner’s petition for enforcement.  The trial court
entered its “Order on Motion for Contempt and Order Setting Reappear” on August
18, 2010, ordering Minnie to execute the transfer and release of interest in
order to effectuate the division of property as outlined in the decree.  On September
15, 2010, the date set for imposition of punishment, Minnie filed a notice of
appeal that stayed the imposition of punishment for failing to comply with the
court’s order.  Her direct appeal to this court followed.

Jurisdiction

            A court of appeals lacks
jurisdiction to review a contempt order by direct appeal.  Tex. Animal
Health Comm’n v. Nunley, 647 S.W.2d 951, 952 (Tex. 1983); Tracy v. Tracy,
219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.).  Contempt orders that do
not involve confinement may be reviewed via a petition for writ of mandamus.  In
re Long, 984 S.W.2d 623, 625 (Tex. 1999); Tracy, 219 S.W.3d at 530; Adams
v. Bell, 94 S.W.3d 759, 762 (Tex. App.—Eastland 2002, no pet.).  In this
case, though it is entitled “Order on Motion for Contempt,” the court’s written
order is not a true contempt order.  It does not hold Minnie in contempt in the
present but, instead, represents a threat of being held in contempt at a later
date.  The order merely commanded Minnie to sign the necessary documents and
warned that she would be punished if she failed to comply by a certain date.  Minnie’s
filing of this direct appeal stayed the trial court from actually holding Minnie
in contempt and remanding her to jail for failing to comply with the trial
court’s order.

            Minnie’s
complaints do not challenge any contempt ruling but, rather, the trial court’s
ability to alter the designated beneficiary via enforcement of the divorce
decree.  In her first issue, Minnie argues that the trial court cannot alter
the statutory scheme for changing the designated beneficiary.  In her second
issue, Minnie asserts that the trial court erred in ordering her to sign the
waiver and transfer document.  Our review of Minnie’s
brief reveals that these are not two separate issues but one in the same.  Because
her second issue is merely an extension of her first, we will address them as
one argument.

Standard of Review

            We review the trial court’s ruling on a
post-divorce motion for enforcement or clarification of a divorce decree under
an abuse of discretion standard.  See In re M.K.R., 216 S.W.3d 58, 61
(Tex. App.—Fort Worth 2007, no pet.) (reviewing trial court’s ruling on child
support arrearages and payment of attorney’s fees under abuse of discretion
standard). When a trial court makes no separate findings of fact or conclusions
of law, we must draw every reasonable inference supported by the record in
favor of the trial court’s judgment. See Worford v. Stamper,
801 S.W.2d 108, 109 (Tex. 1990).  Additionally, “the judgment of the trial
court must be affirmed if it can be upheld on any legal theory that finds
support in the evidence.” Lassiter v. Bliss, 559 S.W.2d 353, 358 (Tex. 1977),
overruled on other grounds by Cherne Indus., Inc. v. Magallanes,
763 S.W.2d 768 (Tex. 1989).

            To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241–42 (Tex. 1985).

            Minnie
asserts that the trial court cannot change the beneficiary of the account
because doing so would alter the ERS statutory scheme.  However, the remedy
chosen by the trial court is specifically provided for by statute in Tex. Gov’t Code Ann. § 814.008(b)(1)
(West 2012). Section 814.008(b)(1) provides
that a beneficiary can be changed after the ERS member’s retirement if the
former spouse gives written, notarized consent to the change.  Additionally, unlike
the statutory scheme governing the Teacher Retirement System, which was
discussed in Holmes v. Kent, ERS does not prohibit a change
in beneficiary after the member’s death.  See Holmes v. Kent, 221
S.W.3d 622, 624 (Tex. 2007) (citing Tex.
Gov’t Code Ann. ch. 824 (West 2012)); cf. Section 814.008.  In Holmes,
the Texas Supreme Court reviewed the Texarkana court’s decision to craft a
constructive trust remedy due to TRS’s prohibition against post-mortem
beneficiary changes.  Holmes, 221 S.W.3d 622.  TRS filed an amicus brief
with the supreme court objecting to the appellate court’s solution on policy
grounds.  Id. at 623.  In contrast to the circumstances of that case, the
Estate’s counsel here represented to the trial court that ERS was amenable to
the change.  The associate general counsel of ERS told the Estate’s counsel
that ERS would accept the change of beneficiary form that the Estate sent to
Minnie.

            In
Holmes, the court was also concerned about whose life or life expectancy
would provide the measuring stick for the annuity payments.  In that case,
imposing a constructive trust may have altered TRS’s obligations.  Here, however,
because of the option chosen by Santiago, the amount of the annuity will not
change in any event.  Tex Gov’t Code
Ann. § 814.108(c)(1) (West 2012).  The number of years that the annuity
will be paid out in the event of a post-retirement beneficiary change is also provided
for by the ERS statute.  Section 814.008 provides that the annuity will be paid
to the new beneficiary for the shorter of (1) the remainder of the life
expectancy of the beneficiary designated as of the effective date of the
retiree’s retirement (Minnie) or (2) the remainder of the new beneficiary’s
life.  Section 814.008(c).  Furthermore, the application for retirement
benefits that was signed by Santiago provided that, if no beneficiary was
selected, his estate would receive the annuity as the contingent beneficiary.

            The
trial court did not alter the ERS statutory scheme when it required Minnie to
sign the necessary transfer and release documents.  The trial court had divested
Minnie of all rights to the ERS account.  Further, it had ordered both Santiago and Minnie to execute all instruments
necessary to effect the decree.  The decree does not say that Santiago alone
had the burden of effecting the change.  Minnie was given the affirmative duty
to execute any necessary instruments to effectuate the terms of the decree.  That
included the consent form required by the ERS.  The trial court did not alter
its decree, but merely enforced it.  We cannot say that the trial court abused
its discretion in requiring Minnie to sign a transfer and release of her
interest in the ERS account.  Both of Minnie’s issues are overruled.

            The judgment of the trial court is
affirmed.

 

                                                                                    

                                                                                                ERIC
KALENAK

                                                                                                JUSTICE

 

July 12, 2012

Panel consists of: Wright,
C.J.,

McCall, J., and Kalenak, J.