

**NUMBER 13-16-00424-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE INTEREST OF L.L.S., A CHILD

---

**On appeal from the 94th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Perkes, and Longoria
Memorandum Opinion Per Curiam**

Appellant, Lindsey Salas, attempts to appeal an order of enforcement by contempt and suspension of commitment for failing to provide possession and access to minor child, L.L.S. The order provides for commitment for a period of eighteen months, suspended, and awards appellee Robert Salas the amount of $11,200.00 for attorney's fees, expenses, and costs.

Appellate courts have jurisdiction over appeals from final judgments and specific types of interlocutory orders designated by the legislature as appealable. *Lehmann v.*

*Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West, Westlaw through 2015 R.S.). A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann*, 39 S.W.2d at 195. Without affirmative statutory authority to hear an interlocutory appeal, this court is without jurisdiction. *Id.*

The order issued by the trial court was not a final, appealable judgment. Additionally, the order held appellant in contempt and this court does not have jurisdiction to review contempt orders by direct appeal. *See Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985); *Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.); *In re B.C.C.*, 187 S.W.3d 721, 723 (Tex. App.—Tyler 2006, no pet.). Contempt orders may be reviewed only by an application for a writ of habeas corpus, if the contemnor has been confined, or by a petition for a writ of mandamus, if the contemnor has not been confined. *See Rosser v. Squier*, 902 S.W.2d 962, 962 (Tex. 1995); *Ex parte Williams*, 690 S.W.2d 243, 243 (Tex. 1985); *Tracy*, 219 S.W.3d at 290.

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a), (c).


PER CURIAM

Delivered and filed this the
10th day of November, 2016.


2