# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00304-CV

### In re Ronald Dean Strickland

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### D I S S E N T I N G   O P I N I O N

I disagree with the majority's conclusion that Strickland's appeal should be construed as a petition for writ of mandamus. In my opinion, this is an attempted appeal of the county court's order of remand. As this is a non-final, non-appealable order, the appeal should be dismissed for want of jurisdiction.

"Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez,* 340 S.W.3d 444, 447 (Tex. 2011). "An order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The majority opinion agrees that, based on this record, we are unable to locate either a final judgment or any order disposing of all claims and parties. And a county court's decision denying a party's attempt to appeal from the justice court without furnishing a bond or paying a cash deposit is not among the list of appealable interlocutory orders. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a);

*see also McGaughy v. Lamm*, No. 03-99-00643-CV, 2000 WL 147649, at *1 (Tex. App.—Austin Feb. 10, 2000, no pet.) (mem. op.) (where county court disapproved indigency request and returned file to justice court, and record reflected no proceeding beyond county clerk's notation that she was returning record to justice court, there was no final appealable order, and court of appeals lacked jurisdiction over appeal); *Redlich v. Ranch*, No. 02-14-00390-CV, 2015 WL 226038, at *1–2 (Tex. App.—Fort Worth Jan. 15, 2015, no pet.) (per curiam) (mem. op.) (dismissing for lack of jurisdiction appeal from county court order sustaining contest to affidavit of inability to pay on appeal from justice court); *El-Bey v. Estate of Williams*, No. 01-23-00070-CV, 2023 WL 4239852, at *1 (Tex. App.—Houston [1st Dist.] June 29, 2023, pet. denied) (mem. op.) (dismissing for lack of jurisdiction appellant's appeal of justice court's order sustaining contest of statement of inability to pay costs). The record indicates that the final order entered was the county court's dismissal order that stated:

> [T]his court lacks jurisdiction over this action [because] [o]n appeal from a Justice Court order on a contested pauper's affidavit, the matter was not set for hearing within 5 days as required under Tex. R. Civ. P. 510.9(c)(3). Therefore, the Justice Court's order sustaining the contest and requiring an appeal bond stands.

The record does not reveal what, if any, further proceedings occurred at the justice court nor does it contain any subsequent order or judgment from the county court. Accordingly, the majority agrees, because we cannot locate a final, appealable order in the record, and because we cannot find any statute authorizing this appeal on an interlocutory basis, Strickland has not invoked this Court's jurisdiction.

However, the majority has decided to construe Strickland's appeal as a request for mandamus relief. Specifically, the majority concludes that the county court's dismissal of Strickland's indigency appeal for want of jurisdiction was a clear abuse of the county court's

2

discretion because the county court failed to set a de novo hearing under Rule 506.1(d)(3) and that this error may be remedied only by a petition for writ of mandamus. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding) (providing that, to be entitled to mandamus relief, relator must show both that trial court clearly abused its discretion and that relator has no adequate remedy by appeal). However, Strickland's briefing neither expressly seeks mandamus relief nor indicates that this Court should construe his appeal as an original proceeding. He filed a "Notice of Appeal" where he referred to the action as an "appeal," and his brief specifically states he is "appealing the order mentioned herein that orders he pay the court cost and/or an appeal bond." Similarly, his prayer for relief "asks the Court to reverse the judgment of the trial court and remand the case for a new trial." Strickland only refers to the appeal as a "proceeding" in one of the title pages of his brief, and he uses the word "respondent" when describing the county clerk in his "Identity of Parties and Counsel" section of his brief. Otherwise, he uses wording consistent with an appeal, not an original proceeding. The Texas Supreme Court and intermediate courts have routinely declined to construe an appeal as a petition for writ of mandamus without a direct or indirect request by the litigant; instead, relevant case law indicates that courts tend to construe attempted appeals as original proceedings where the party filed both an appeal and petition for writ of mandamus, where the litigant asked for mandamus relief in the alternative, where the litigant's liberty was in danger of restriction, or when the courts find it is in the interest of judicial efficiency. *See CMH Homes*, 340 S.W.3d at 452–53 (court of appeals was required to construe appeal as original proceeding where appellant specifically requested mandamus relief in alternative as to prevent "form from overriding substance"); *id.* at 454 (directing court of appeals to consider appeal as petition for writ of mandamus because "judicial efficiency mitigates against requiring" filing of separate original proceeding); *Seals v. Seals*,

3

No. 03-22-00310-CV, 2023 WL 6449098, at \*4 (Tex. App.—Austin Oct. 4, 2023, pet. dism'd w.o.j.) (construing—but denying—appellant's attempted appeal of contempt order as petition for writ of mandamus in interest of judicial economy where brief was styled "Original Proceeding," and trial judge was referenced as "Respondent"); *Tracy v. Tracy*, 219 S.W.3d 527, 530 (Tex. App.—Dallas 2007, no pet.) (noting that although appellant's issues attacked contempt order, which is not reviewable on direct appeal, appellate court was "compelled" to address validity of contempt order based on "the unique facts of this case and given that the case has been briefed, argued, and contains both the clerk's and reporter's records"); *Haffelfinger v. Adams*, No. 03-12-00512-CV, 2013 WL 6178570, at \*1 (Tex. App.—Austin Nov. 21, 2013, no pet.) (mem. op.) (construing—but denying—petition for writ of mandamus where party attempted to appeal trial court's order refusing to hold party in contempt even though party did not request mandamus relief). None of those situations is present here, and accordingly, I do not believe that the majority's decision to construe this appeal as an original proceeding and grant mandamus relief is in the interest of judicial efficiency.

I recognize that Strickland is proceeding pro se and that courts are to "construe pro se pleadings and briefs liberally." *Canada v. State*, 547 S.W.3d 4, 10 (Tex. App.—Austin 2017, no pet.). However, pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *See Wheeler v. Green,* 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) (to prevent unfair advantage over litigants represented by counsel, pro se litigants are held to same standards as licensed attorneys and are required to comply with applicable laws and procedural rules). Despite this liberal construction, Strickland's briefing lacks proper argument and citation to the record, leaving nothing for us to review. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with

4

appropriate citations to authorities and to the record"); *see also* Tex. R. App. P. 52.3(h) (providing same for petition for writ of mandamus); *WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (providing that failure to provide appropriate record citations or substantive analysis waives appellate issue); *see Gruss v. Gallagher*, 680 S.W.3d 642, 662 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (concluding that judicial efficiency did not mitigate against requiring appellants to file separate original proceeding where, even construing appellants' opening brief liberally, appellants had not shown their entitlement to mandamus relief due to their failure to adequately brief argument); *see Copeland v. Federal Nat'l Mortg. Ass'n*, No. 03-16-00030-CV, 2016 WL 6407305, at *1 (Tex. App.—Austin Oct. 28, 2016, pet. dism'd w.o.j.) (mem. op.) (holding pro se appellant to standards set out in Texas Rules of Appellate Procedure 38.1(i)). And unlike some of the previously cited cases where courts construed an appeal as a request for mandamus relief, here we lack the benefit of clarity of the parties' arguments because we do not have a reporter's record.

In addition, while appellate courts favor substance over form, *CMH Homes*, 340 S.W.3d at 452–53, Strickland's attempted appeal is defective as to both. Strickland's briefing loosely points us to his desire to appeal the county court's remand order but otherwise is void of any argument as to *how* the trial court's order constituted a clear abuse of discretion and with clear citations to the record. Rather, Strickland's appellant's brief contains exact excerpts from a Fourth Court of Appeals opinion in Strickland's related case in Bandera County. *See Strickland v. iHeartMedia, Inc.*, 668 S.W.3d 34 (Tex. App.—San Antonio 2022, pet. denied). In that case, Strickland appealed the trial court's finding under Rule 145(h) that he was not indigent. *Id.*; *see* Tex. R. Civ. P. 145 (governing relevant procedures regarding party's filing of Statement of Inability to Afford Payment of Court Costs in district or county court). The Fourth Court of

5

Appeals reversed the trial court's order, holding that Strickland had carried his burden to prove his inability to afford costs under Texas Rule of Civil Procedure 145 and was therefore entitled to a free record on appeal. *Strickland*, 668 S.W.3d at 37. While this case may have been ancillary to the present one, the issues and procedural posture are distinctly dissimilar to the issues and procedural posture present here. Thus, even taking into account Strickland's pro se status, his copying and pasting of that opinion does not present any issue for us to review and thus his appeal fails to invoke our jurisdiction.[1]

The majority argues that the dissent's position is inconsistent with a previous case this Court construed an appeal as a request for mandamus relief despite no express request from the appellant. *See In re Texas Dep't of Fam. & Protective Servs.*, No. 03-23-00155-CV, 2023 WL 4534970 (Tex. App.—Austin July 14, 2023, no pet.) (mem. op.). However, in that case, the appellant's requested relief was clear and unequivocal from the face of its brief: the appellant sought a declaration from our Court that a trial court's order granting a new trial—issued after the trial court allegedly lost plenary power—was void. In that instance, and as the appellee in that case agreed, the proper remedy is mandamus relief. *See In re Southwest Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 200 (Tex. 2009) (orig. proceeding) (reaffirming that order granting new trial is not reviewable on direct appeal, while allowing mandamus review of order granting new trial under certain circumstances). The appellee in that case asked this Court to dismiss the suit for want of

---

[1] Even after this Court informed Strickland that this Court may lack jurisdiction over this appeal and requested a response, Strickland still did not expressly request mandamus review or otherwise include any language indicating his desire to pursue extraordinary relief.

jurisdiction, arguing that mandamus relief was the proper remedy but appellant had failed to expressly request it. That case presented a clear form-over-substance issue; it would not have been judicially efficient to dismiss the appeal for want of jurisdiction when we knew specifically what trial court order was being challenged, what relief the appellant sought, and the reasons why appellant believed the trial court erred. Here, on the other hand, Strickland's briefing requires us to scour the record in search of a challenged order and requires us to formulate an argument for him. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931-32 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("It is not [an appellate court's] duty to review the record, research the law, and then fashion a legal argument for appellant when [appellant] has failed to do so."). In fact, it is not until appellee references the county court's March 30, 2022 "Order of Remand" in its appellee's brief that Strickland finally specifies that that is the order he intends to "appeal." Specifically, Strickland's reply brief states:

> Appellant was not made aware of an order signed by Judge Wong, denial and remand, and therefore was unable to include it. Also Appellant was unaware that the matter was remanded to the Justice Court for payment of fees and appeal bond. Since[] Appellee in it's [sic] brief has stated facts unknown to Appellant, Appellant does wish to [a]ppeal Judge Wong's order of denial and remand in this case.

*See* Tex. R. App. P. 38.3; *Stovall & Assoc. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d 790, 803 (Tex. App.—Dallas 2013, no pet.) (appellant's newly-raised issues asserted for first time in his reply brief are ordinarily deemed waived and not properly before reviewing court for determination). Even when Strickland references the order in his reply brief, he mentions nothing about the county court's failure to provide him with a hearing—which is the majority's main rationale for granting mandamus relief. Instead, Strickland continues to argue the merits of his indigency challenge,

7

stating: "Judge Wong abused his discretion, and errered [sic] in this matter, because it is true that Appellant is indigent." Accordingly, the case at hand is thoroughly distinguishable from *In re Texas Department of Family and Protective Services*.

In my opinion, the majority's approach results in giving Strickland an unfair advantage over litigants represented by counsel. *See Green,* 157 S.W.3d at 444. In my view, construing Strickland's appeal as a petition for writ of mandamus, absent any express or implied request by Strickland, and performing an independent review of the record to identify error, is problematic. *See Jonson v. Duong*, 642 S.W.3d 189, 194 (Tex. App.—El Paso 2021, no pet.) ("[a]s a reviewing court, we have no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party.") (cleaned up).

For these reasons, I would dismiss this appeal for want of jurisdiction. I respectfully dissent.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Filed: August 16, 2024

8