Burl J. ADAMS, Appellant,

v.

Carla Kay Adams BELL, Appellee.

No. 11–01–00299–CV.

Court of Appeals of Texas,
Eastland.

Nov. 21, 2002.

Earl L. Waddell, Grapevine, Allen Glenn, Abilene, for Appellant.

Robert McCleskey, Eastland, for Appellee.

Panel consists of: ARNOT, C.J., and McCALL, J., and DICKENSON, S.J.*

---

* Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sit-

## Opinion

TERRY McCALL, Justice.

■ This is an attempted appeal by Burl J. Adams from a judgment in 2001 holding him in contempt for failing to comply with a contempt judgment that was entered by the trial court in 1984. Both contempt judgments concern Burl's failure to ensure that his former wife, Carla Kay Adams Bell, received her share of his military retirement benefits beginning in 1980.[1] We dismiss the appeal for want of jurisdiction because the only relief for a contempt judgment that does not involve confinement is a writ of mandamus. *In re Long,* 984 S.W.2d 623, 625 (Tex.1999).[2]

Burl J. Adams and Carla Kay Adams Bell were divorced in 1980 after 14 years of marriage. The trial court approved and incorporated their agreement incident to divorce in its order of divorce dated October 3, 1980. The agreement provided that Burl, as trustee for Carla, would:

> [E]xecute such documents and instruments as may be necessary and required to authorize, empower and direct the United States Navy, or other agency of the United States Government responsible for disbursement of such military retirement payments, to disburse to [Carla] thirty-four (34%) percent of each payment made to [Burl] from the plan or plans. The parties agree that the payments to [Carla] from [Burl's] military retirement, as provided herein, shall become effective on October 1, 1980.

■ In May 1984, Carla filed a motion for contempt, alleging that Burl had failed to direct the United States Navy to disburse 34 percent of "each payment made under his retirement plan" to her. On November 19, 1984, the court found that Burl was "guilty of separate violations" of the divorce decree by failing "to direct the United States Navy to disburse thirty-four (34%) percent of each payment made under his retirement plan directly to [Carla]," that he owed Carla $7,760.00 in past due retirement benefits, and that Burl was in contempt of the court for each separate violation. The court ordered punishment for each separate violation at confinement in the county jail "for a period of 3 days and for such period thereafter until said Respondent shall have purged himself of his contempt by paying all arrearages."[3] The court then suspended enforcement of its order on the condition that

---

ting by assignment.

1. Military retirement benefits earned during marriage are community property and are subject to division upon divorce. *Cameron v. Cameron,* 641 S.W.2d 210, 213 (Tex.1982); *Taggart v. Taggart,* 552 S.W.2d 422 (Tex. 1977).

2. Although the first contempt judgment was entered in 1984, Carla failed to take any action to enforce that contempt judgment until November 2000. Her failure to take prompt action would appear to implicate TEX. CIV. PRAC. & REM. CODE ANN. § 34.001 (Vernon 1997)(dormant judgments); a want of prosecution, see *Christian v. Christian,* 985 S.W.2d 513 (Tex.App.-San Antonio 1998, no pet'n); the 2–year statute of limitations, see TEX. CIV. PRAC. & REM. CODE ANN.

§ 16.003 (Vernon 2002)(conversion of personal property); or the 4–year statute of limitations, see TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (Vernon 2002)(breach of fiduciary duty).

3. To satisfy due process requirements, both a written contempt judgment and a written commitment order are necessary to imprison a person for civil constructive contempt of court. See *Ex parte Barnett,* 600 S.W.2d 252, 256 (Tex.1980). The contempt judgment may contain an order of commitment. *Ex parte Linder,* 783 S.W.2d 754 (Tex.App.-Dallas 1990, no pet'n). The trial court has never issued a commitment order with either its 1984 contempt judgment or the 2001 contempt judgment.

Burl pay the $7,760.00 in monthly installments of $100.00 each, with the first installment due on December 10, 1984, and the remaining installments due on the 10th of each month thereafter until the $7,760.00 was fully paid. The order also directed Burl to direct the appropriate agency of the United States government "to disburse thirty-four (34%) percent of each retirement payment presently accruing to Respondent" to Carla's bank account. The direct disbursement was to be accomplished no later than the next pay period.

In July 1999, Burl filed a petition for clarifying order, seeking an order that the divorce decree meant that Carla was only entitled to 34 percent of the retirement payment to Burl on October 1, 1980. In her response, Carla attached a letter from the Department of Defense which stated that she was entitled to $326.41 per month from Burl's retirement pay but gave Burl 30 days to contest the award by the Department of Defense. Carla alleged that Burl had failed to contest the award, and she stated that she had received one payment. Carla referred to the court's 1984 judgment and its language referring to 34 percent of "each payment." She alleged that Burl had made no payments, and she asked for a judgment for the original $7,760.00 plus 10 percent in annual interest from the date of the 1984 order. Carla also moved the court to hold Burl in contempt and commit him to jail until he purged himself of his contemptuous behavior.

■ At the hearing, the parties agreed that there were no fact issues in dispute and that the court could take judicial notice of the entire contents of the court's file, including all prior proceedings. In its final judgment dated August 7, 2001, the court found that Burl had agreed in the 1980 divorce decree that 34 percent of each payment made under his retirement plan would be disbursed directly to Carla beginning October 1, 1980; therefore, the court denied Burl's petition for a clarifying order on the basis of res judicata. In his appellate brief, Burl does not complain about the trial court's denial of his petition, and that portion of the judgment is now final. Even if Burl had presented an issue regarding the court's denial of his petition for clarifying order, the divorce decree clearly stated that Carla was entitled to 34 percent of each military retirement payment to Burl beginning with the October 1, 1980, payment. The trial court correctly applied res judicata because of the divorce decree. *Baxter v. Ruddle,* 794 S.W.2d 761, 762 (Tex.1990).

The court further found that, on November 29, 1984, Burl was held in contempt for failure to direct the United States Navy to disburse Carla's percentage payments to her and that Burl owed Carla $7,760.00 in unpaid retirement benefits previously awarded to her. The court then held in its 2001 order that Burl was:

[I]n contempt of this Court for his violation of the Order of this Court and IT IS ORDERED that punishment for such violation be and it is hereby assessed at confinement in the County Jail of Eastland County, Texas, for a period of 3 days beginning at 3:00 o'clock p.m. on August 15, 2001, and thereafter remain until BURL JAMES ADAMS has purged himself of his said contempt by paying all of said arrearage sum of $7,760 directly to CARLA KAY ADAMS BELL.

■ The trial court did not issue a commitment order with its 2001 contempt judgment, and Burl's liberty has not been restrained. Contempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus. *In re Long,* supra at 625; *Rosser v. Squier,* 902

S.W.2d 962 (Tex.1995). Dismissing an appeal from a contempt judgment, the court in *Cadle Company v. Lobingier*, 50 S.W.3d 662, 671 (Tex.App.-Fort Worth 2001, pet'n den'd), stated:

> A contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved). See *[In re] Long*, 984 S.W.2d at 625. Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable. *Metzger v. Sebek*, 892 S.W.2d 20, 55 (Tex.App.-Houston [1st Dist.] 1994, writ denied), *cert. denied*, 516 U.S. 868, 116 S.Ct. 186, 133 L.Ed.2d 124 (1995); see also *Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex.1983).

Thus, we are without jurisdiction to review Burl's complaints about the trial court's 2001 contempt judgment.

### This Court's Ruling

We dismiss the appeal for want of jurisdiction.