Opinion filed April 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00247-CV 

                                                     __________

 

                  TRAVIS
GRIMES, BOTH INDIVIDUALLY AND D/B/A 

                                  LAKEHAVEN
MARINA, Appellant

 

                                                             V.

 

                     BROWN
COUNTY AND TEXAS COMMISSION ON 

                             ENVIRONMENTAL
QUALITY, Appellees

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                              Trial
Court Cause No. CV-0507348

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

This
appeal arises from a contempt proceeding to enforce an injunction.  The trial
court determined that Travis Grimes, both individually and d/b/a Lakehaven
Marina, violated a permanent injunction previously entered by the court. 
Appellant challenges the trial court=s
contempt order in two issues.  We dismiss for want of jurisdiction.

 Background Facts








Brown
County and the Texas Commission on Environmental Quality filed an application
for injunctive relief on July 29, 2005, with respect to the operation of the
Lakehaven Marina at Lake Brownwood.  Appellees sought injunctive relief against
several defendants in order to abate the public health nuisance they alleged
existed at the marina.  Specifically, appellees alleged that the marina rented
out cabins that were not attached to an approved on-site sewage system. 
Appellees asserted that the defendants were at one point discharging human
wastes and gray water from the cabins into open trenches located behind the
cabins and then subsequently into an Aillegal
holding tank@ system.

After
conducting a hearing on the appellees=
application, the trial court entered an order on  August 10, 2005, which
provided in relevant part as follows:

ORDERED
that the Defendants 3'J=s
Joint Venture, Travis Grimes, Josh Helbert and Justin Jones, should be, and
they are hereby, Permanently Enjoined from directly or indirectly operating or
causing to be operated any unapproved sewage disposal system located within or
about the cabins or the restaurant at Lakehaven Marina, and from causing any
public water supply to be attached to the cabins or restaurant at Lakehaven
Marina.  It is further ORDERED that this injunction shall remain in full
force and effect until such time as Defendants have shown themselves to be
fully in compliance with all rules, regulations, guidelines and laws for the
operation of an approved sewage disposal system for the cabins and restaurant
at Lakehaven Marina, at which time this injunction shall be dissolved without
further order of the Court.

 

The trial court=s order also assessed a
civil penalty against the defendants in the amount of $3,100.  However, the
order suspended the imposition of the civil penalty until the first of the
following events occurred:  (1) the defendants complied with the applicable
rules for operating an approved sewage disposal system for the cabins and
restaurants at the marina, at which time the civil penalty would be waived or
(2) the defendants violated the terms of the injunction.

Appellees
subsequently filed a motion to enforce the injunction on June 2, 2006.  They
alleged in the motion to enforce that ALakehaven
Marina has in fact been renting cabins, yet still has not installed an approved
and inspected sewage disposal system for the cabinsCall in direct violation of this Court=s order for permanent
injunction.@ 
Appellees attached the affidavit of Lisa Taylor to the motion.  She made the
following statements in her affidavit:

1.
        On Wednesday, May 31, 2006 at approximately 4:00 p.m., I, Lisa Taylor,
called the Lake Haven Marina inquiring about a cabin for the upcoming weekend
(June 3-4, 2006).[1]








 

2.         I
was advised that the previous weekend (May 27-28, 2006) at Lake Haven Marina,
there were approximately 100 people staying in the cabins on premises.

 

3.         I
was then advised that they only had 3 cabins left that were available for rent
for this upcoming weekend (June 3-4, 2006).

 

4.         Although
Lake Haven Marina has obtained permits for and installed a septic system for
its restaurant in compliance with County and TCEQ regulations, no effort
whatsoever has been made to bring any of the cabins on Lake Haven Marina
property into compliance regarding sewage disposal.

 

After
conducting a hearing on the motion to enforce the injunction on July 26, 2006,
the trial court entered a written order on August 1, 2006, finding that
appellant violated the permanent injunction.[2] 
The trial court assessed the $3,100 penalty provided for in the permanent
injunction.  The trial court also assessed an additional fine of $3,000 for
contempt in the August 1, 2006 order.  However, the order suspended the
imposition of the fine for contempt for one year conditioned upon the following
requirements:  (a) appellant bringing the Lakehaven Marina into Afull compliance@ by installing a sewage
disposal system specifically designed to accommodate the needs of the cabins at
Lakehaven Marina; (b) appellant ceasing all use of the cabins until an approved
sewage disposal system is installed; and (c) appellant complying with the
permanent injunction Ain
both letter and spirit.@

                                                            Analysis

Appellant
asserts in his first issue that the trial court erred in overruling his motion
to quash the motion to enforce the permanent injunction.  Specifically,
appellant alleges that the motion to enforce failed to sufficiently allege a
violation of the permanent injunction.  In his second issue, appellant contends
that the order of contempt is void because the permanent injunction is vague
and ambiguous.  As set forth below, we do not reach appellant=s issues because we lack
jurisdiction to consider a direct appeal from a proceeding to enforce a
permanent injunction.








Proceedings
for violation of an injunction are in the nature of a contempt proceeding.  Tex. R. Civ. P. 692 (ADisobedience of an
injunction may be punished by the court . . . as a contempt.@);  see Estate of
Korzekwa v. Prudential Ins. Co. of Am., 669 S.W.2d 775, 778 (Tex. App.CSan Antonio 1984, writ
dism=d).  Accordingly,
appellant is attempting to appeal a contempt order entered by the trial court. 
A court of appeals lacks jurisdiction to review a contempt order on direct
appeal. Tex. Animal Health Comm=n
v. Nunley, 647 S.W.2d 951, 952 (Tex. 1983) (addressing a contempt order arising
from a violation of an injunction).  A contempt judgment is reviewable only via
a petition for writ of habeas corpus (if the contemnor is confined) or a
petition for writ of mandamus (if no confinement is involved).  See In re
Long, 984 S.W.2d 623, 625 (Tex. 1999); Adams v. Bell, 94 S.W.3d 759,
762 (Tex. App.CEastland
2002, no pet.).  Thus, we are without jurisdiction to review appellant=s complaints about the
trial court=s contempt
judgment.

                                                               This
Court=s Ruling

We
dismiss the appeal for want of jurisdiction.  Appellant=s motion to strike portions of appellees= brief is dismissed as
moot.

 

 

TERRY McCALL

JUSTICE

 

April 10, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The spelling on the appeal bond is Lakehaven Marina.





[2]The trial court noted in its August 1, 2006 order that
appellant was the Aonly proper defendant@
to the enforcement action both in an individual capacity and in his capacity as
manager/proprietor of Lakehaven Marina.